UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEAM DRILLING SYSTEMS, LLC, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § | CIVIL ACTION H-19-00411 |
| C&J SPEC RENT SERVICES, INC., | § § § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are (1) a motion to dismiss the declaratory judgment claim and transfer the remaining claims to the Eastern District of Texas; and (2) a motion to remand. Dkts. 2, 17. Having considered the motion to dismiss and transfer, response, reply, and applicable law, the court is of the opinion that the motion to dismiss and transfer should be GRANTED and that it should defer ruling on the motion to remand so that the transferee court can determine its propriety.

**I. BACKGROUND**

Plaintiffs Conroe Machine, LLC ("Conroe Machine"), LEAM Drilling Systems, LLC ("LEAM"), Murray Touchette, and REME, L.L.C. ("REME") (collectively, "CLR"), filed their original petition for declaratory judgment in the 410th Judicial District Court of Montgomery County, Texas on January 14, 2019. Dkt. 1-2. They filed an amended petition for declaratory judgment on January 24. Dkt. 1-5. Defendant C&J Spec-Rent Services, Inc. ("C&J") filed an answer and counterclaim in state court on February 6. Dkt. 1-8. C&J removed the case to this court on the same day. Dkt. 1.

CLR's amended petition seeks a declaratory judgment under Chapter 37 of the Texas Civil Practice & Remedies Code. Dkt. 1-5. CLR asserts that C&J file d a lawsuit against Conroe Machine

and Touchette in Montgomery County in July 2017 (the "Initial Lawsuit") and later added LEAM and REME. *Id.* In the Initial Lawsuit, C&J asserted that CLR misappropriated C&J's trade secrets relating to a CV joint in a mud motor transmission. *Id.* C&J additionally alleged that CLR breached confidentiality agreements and asserted alter ego, joint business enterprise, and conspiracy claims. *Id.* The parties allegedly litigated the case for eighteen months, and C&J filed a non-suit, allegedly three weeks before trial. *Id.* In the instant case, CLR seeks a declaration that C&J does not own a trade secret related to the design of a CV joint and mud motor, CLR did not misappropriate any trade secrets owned by C&J, Conroe Machine is not an alter ego of LEAM or REME, the plaintiffs are not a joint enterprise, and there is no conspiracy amongst the plaintiffs. *Id.*

C&J's answer in the instant case includes a general denial and various affirmative defenses. Dkt. 1-8. It also includes a counterclaim against LEAM, Conroe Machine, and REME. C&J contends that it entrusted confidential designs and drawings to Conroe Machine, which purports to be a machine shop. *Id.* C&J asserts that Conroe Machine was a machine shop for LEAM, and that REME inherited LEAM's directional drilling business and does business under its name. *Id.* C&J contends that it entered into a confidentiality agreement with Conroe Machine on June 10, 2013, which required Conroe Machine to keep drawings, designs, plans, and specifications secret, and was binding on Conroe Machine and its affiliates. *Id.* C&J additionally contends that Touchette, who was an executive for Conroe Machine and allegedly also for the other counterdefendants, assured C&J verbally that its confidential information would not be disclosed, especially to LEAM and REME, and that Conroe Machine was just a machine shop. *Id.* C&J alleges that Touchette made these statements on behalf of the counterdefendants to induce C&J into signing the agreements and disclosing trade secrets to Conroe Machine. *Id.* C&J contends that it entered into a second

confidentiality agreement with Conroe Machine in March 2015 and again disclosed confidential information to Conroe Machine. *Id.*

According to C&J, the counterdefendants "brazenly plagiarized the engineering drawings and misused the confidential design information C&J provided to create a copycat transmission design." *Id.* In fact, Conroe Machine and Touchette filed a provisional patent application claiming a transmission assembly for a mud motor on May 15, 2015. *Id.* They converted it to a nonprovisional application on May 13, 2016, and the applications were published on November 11, 2016. *Id.* C&J asserts that it discovered the application in the summer of 2017 and that it contained "verbatim copying of the drawings and designs" that C&J and its affiliate sent to Conroe Machine to be manufactured. *Id.* C&J contends that the counterdefendants have commercialized their copycat transmission assembly in the tools they provide to their customers. *Id.* C&J therefore asserts counterclaims of copyright infringement, trade secret misappropriation, respondeat superior, joint enterprise, civil conspiracy, and aiding and abetting. *Id.*

In its notice of removal, C&J argues that removal is proper because the suit involves a federal question under 28 U.S.C. § 1331. Dkt. 1. It asserts that because the court has original and exclusive jurisdiction over the copyright infringement counterclaim under 28 U.S.C. § 1338, the counterclaim makes the entire case removable pursuant to 28 U.S.C. § 1454. *Id.* C&J additionally asserts that the court has original jurisdiction over its counterclaim for trade secret misappropriation under the Defend Trade Secrets Act, 18 U.S.C. § 1836(c), and the court has supplemental jurisdiction over the state-law claims, which form the same case or controversy as the federal claims. *Id.*

C&J filed its motion to dismiss and transfer on the same day it removed the case to this court. Dkt. 2. It argues that CLR's request for a declaratory judgment is improper and anticipatory and requests that the court dismiss it and transfer the remaining claims to the Eastern District of Texas

where they can be consolidated with an already-pending action between the exact same parties. *Id.* CLR responds that C&J filed the case that is pending in the Eastern District of Texas after CLR filed this case and, regardless, C&J's chosen forum is actually Montgomery County, Texas, where CLR originally filed *this* case. *Id.* The reason CLR believes Montgomery County is C&J's actual chosen forum is because the Initial Lawsuit was filed in Montgomery County, Texas. *Id.* CLR asserts that C&J only nonsuited the Initial Lawsuit because it received adverse rulings relating to its experts in the state court. *Id.* CLR contends that it did not file this declaratory judgment action to forum shop but instead because it wanted a judge who was already familiar with the parties and claims—the Montgomery County state-court judge—to resolve the case. *Id.* CLR argues that it seeks to promote judicial economy rather than gain a tactical advantage. *Id.* CLR contends that since this is the first-filed case, to the extent the court considers the motion to transfer venue, it should deny it under the first-to-file rule. *Id.* C&J argues that the first-to-file rule is not applicable here because anticipatory suits do not confer upon the plaintiff the benefit of a first-to-file status. Dkt. 2.

CLR also filed a motion to sever and remand. Dkt. 17. It contends that all of the underlying factual allegations in the answer and counterclaims were first raised in the Initial Lawsuit. *Id.* CLR concedes that the copyright counterclaim is properly before this court, but asserts that the court should decline to exercise supplemental jurisdiction over the declaratory action and other state-law claims due to the extensive state-court litigation that has already taken place. *Id.* It thus requests that the court sever the copyright and Defend Trade Secrets Act counterclaims, remand the declaratory judgment and C&J's state-law claims, and stay C&J's copyright and Defend Trade Secrets Act counterclaims until the state case is resolved. *Id.*

## II. ANALYSIS

The court finds that the proper way to handle this case is to dismiss CLR's declaratory

judgment action as anticipatory and transfer the counterclaims to the Eastern District of Texas. While a district court "may not dismiss a request for declaratory judgment relief 'on the basis of whim or personal disinclination,'" district courts have discretion on whether to consider declaratory judgment actions. *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28–29 (5th Cir. 1989) (quoting *Hollis v. Itawamba Cty. Loans*, 657 F.2d 746, 750 (5th Cir.1981)). Dismissals of declaratory judgment cases have been held to be appropriate in the following types of situations: (1) when there is a currently pending state court proceeding in which the matters in controversy between the parties may be fully litigated; (2) when the complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping; (3) when there are possible inequities in permitting the plaintiff to gain precedence in time and forum; and (4) when not dismissing would result in inconvenience to parties and witnesses. *Id.* at 29 (collecting cases). *Id.* Here, the court is dismissing CLR's request for declaratory judgment under the second and third reasons. CLR has admitted that it filed this lawsuit because it believed that C&J intended to re-file its lawsuit in a different forum. Dkt. 2-3 at 1; Dkt. 14 ("After C&J non-suited its original state court case, Conroe Machine, et al anticipated that C&J would re-file the same lawsuit in another forum, and filed a declaratory judgment action in Montgomery County so the new case could be resolved efficiently by a judge with knowledge of the parties and claims."). Additionally, while CLR contends that it filed its claims in Montgomery County because it wanted a judge who was already familiar with the case and that it was not forum shopping (*see* Dkt. 14), the fact that it filed in Montgomery County to get a particular judge *is* forum shopping.

The Montgomery County judge allowed C&J's nonsuit without prejudice, which gave the plaintiff the option to refile in a forum of its own choosing. C&J did so, filing in the Eastern District of Texas. CLR makes much of the fact that Montgomery County was C&J's original choice of

5

forum and that it is more efficient for a judge who has extensive knowledge of the case to resolve the dispute between CLR and C&J, but the Montgomery County judge gave C&J the option of choosing a different forum when granting the nonsuit without prejudice, and that is exactly what C&J did. The fact that CLR filed its declaratory judgment request here one day earlier than C&J filed its claim in the Eastern District does not give CLR first-filed priority because CLR is, in essence, merely seeking a declaration that it is not at fault[1]; the affirmative claims belong to C&J. Equity requires that the court dismiss CLR's claim and transfer the counterclaims to the Eastern District of Texas.

In the motion to remand, CLR seeks remand not only of its declaratory judgment action, which the court is dismissing, but also of C&J's state-law claims. The motion to remand is not yet ripe and, regardless, the Eastern District is the proper court to determine whether it elects to hear the state-law claims. Accordingly, the court will not rule on that motion.

---

[1] CLR's request is for a declaration that "(1) Defendant does not own a trade secret related to the design of a CV Joint and mud motor; (2) Plaintiffs did not misappropriate any trade secrets owned by Defendant; (3) Conroe Machine is not an alter ego of LEAM or REME, nor are the Plaintiffs in a joint business enterprise with one another; and (4) there is no conspiracy between the Plaintiffs to harm Defendant." Dkt. 1-5.

## III. Conclusion

C&J's motion to dismiss is GRANTED. CLR's request for a declaratory judgment is DISMISSED WITHOUT PREJUDICE. C&J's motion to transfer is GRANTED. The court declines to rule on CLR's motion to sever and remand. This case is hereby TRANSFERRED to the Eastern District of Texas, Marshall Division.

Signed at Houston, Texas on March 7, 2019.

_____
Gray H. Miller
Senior United States District Judge